UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICO COBAN WALTER,

Petitioner,

v.

Warden, California City Correctional Center, *et al*.,

Respondents.

Case No.   1:26-cv-03509 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

This habeas action concerns the re-detention of petitioner Patrico Coban Walter ("Petitioner"), a noncitizen who was detained and released in July 2022, but re-detained several months ago while attending a scheduled immigration appointment with the United States Immigration and Customs Enforcement ("ICE"). This matter is before the Court on Petitioner's petition for writ of habeas corpus ("Petition") and motion for a temporary restraining order. For the reasons explained below, the Petition is GRANTED.

I.    **BACKGROUND**

Petitioner is a 43-year-old asylum-seeker from Nicaragua who entered the United States in June 2022 without inspection. Pet. ¶ 1. Shortly thereafter, on July 13, 2022, a United States Customs and Border Patrol Agent "encountered [Petitioner] … near the Eagle Pass Border Patrol Section." Dkt. 6 ("Opp."), Ex. 2. The officer "paroled [Petitioner] pursuant to INA 212 (d)(5)[,]" and advised Petitioner "to report to the Tampa ICE ERO office … within 60 days of arriving at [his] destination address." *Id*. Following his release, Petitioner settled in Florida. *See* Pet. at 2. He worked in construction pursuant to a valid work authorization to support himself and his wife, and

Case No.: 1:26-cv-03509-EJD

he filed for asylum. *Id*. ¶¶ 4–6, 10–12, 16. Petitioner also maintained a clean criminal record and contends that he complied with all ICE check-ins. *See id.* ¶ 7.

On February 9, 2026, Petitioner reported to the Tampa ICE field Office for a scheduled check-in. *Id*. ¶ 5. At his check-in, he was arrested and taken into custody. *Id*. Petitioner received no notice of any potential revocation of his release, and he received no hearing before a neutral adjudicator before his arrest and detention. *See id*. ¶ 11; Opp., Ex. 2. He was initially detained at a facility in Miami, Florida for approximately two months, before being moved to the California City detention center located in this District. *See id*. ¶ 11. Petitioner has now been detained for over three months.

## II.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Petitioner asserts two claims for relief, including that his re-detention without a pre-deprivation hearing where the government must prove that he is a flight risk or dangerous violates the Due Process Clause of the Fifth Amendment (count 2), and that his warrantless arrest and the government's failure to provide him with a post-deprivation bond hearing violated the government's detention authority under 8 U.S.C § 1226 (count 1). Because Petitioner's Due

Case No.: 1:26-cv-03509-EJD

United States District Court
Eastern District of California

Process Clause claim (count 2) affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's first claim.

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at \*2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### A.     Petitioner Possesses a Protected Liberty Interest in His Continued Freedom.

"Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the ... conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). This Court joins the majority of District Courts in this Circuit which have found that non-citizens who are released from detention on parole by immigration authorities obtain a liberty interest in their continued freedom. *See, e.g*, *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507, \*4–5 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1108 (E.D. Cal. 2025); *Florez v. Robbins*, No. 1:25-CV-1897 CSK, 2026 WL 593101, at \*4 (E.D. Cal. Mar. 3, 2026); *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at \*4 (S.D. Cal. Nov. 3, 2025).

Under this principle, it is clear that Petitioner has a protected liberty interest in remaining out of custody. During the nearly four years since he entered the United States and was initially detained and released by ICE, Petitioner has found a job and provided for his family. He has obtained work authorization, gotten a job in construction, and applied for asylum. The steps he has taken to develop a community underscore the high stakes of his liberty.

Case No.: 1:26-cv-03509-EJD

United States District Court
Eastern District of California

Despite Petitioner's parole into the United States and subsequent four years of freedom, Respondents argue that "Petitioner is an 'applicant for admission' who is subject to mandatory detention" pursuant to 8 U.S.C. § 1225(b) ("Section 1225"). This Court—like the majority of District Courts in this Circuit—rejects this argument as it "does not explain why [immigration authorities] found Petitioner to be eligible for parole [when they previously released him], but not the following year even after he had established deep ties to the community … and timely filed an asylum application." *Ramirez Tesara v. Wamsley*, 800 F.Supp.3d 1130, 1137 (W.D. Wash. 2025); *see, e.g.*, *R.I. v. Wofford*, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205, at *6 (E.D. Cal. Dec. 31, 2025); *Velez v. Warden, Otay Mesa Det. Ctr.*, No. 3:26-CV-01889-JES-MSB, 2026 WL 972759, at *2 (S.D. Cal. Apr. 10, 2026); *Sartaj S. v. Andrews*, No. 1:25-CV-01669-KES-EPG (HC), 2026 WL 10860, at *3 (E.D. Cal. 2026). "While immigration officials may have had discretion over the initial decision to detain or release petitioner, their decision to release an individual from custody created 'an implicit promise' upon which an individual may rely: that his liberty 'will be revoked only if [he] fails to live up to the ... conditions [of release].'" *R.A.N.O.*, 2026 WL 40507, at *5 (quoting *Morrissey*, 408 U.S. at 482). Accordingly, Petitioner's private interest in retaining his liberty is significant.

### B.    Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil

Case No.: 1:26-cv-03509-EJD

United States District Court
Eastern District of California

removal proceedings for nearly four years. Since then, he has lived freely in his community. "[His] detention denies [him] that freedom." *Omer G.G.*, 815 F. Supp. at 1111.

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that Petitioner has no criminal history and has complied with all terms of his release. Respondents do not raise any facts to the contrary in opposition. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 2025 WL 691664, at *6. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega*, 415 F. Supp. 3d at 970.

## IV.    CONCLUSION

Accordingly, the Petition is GRANTED. IT IS HEREBY ORDERED that:

Case No.: 1:26-cv-03509-EJD

1.      Respondents immediately release Petitioner Patricio Coban Walter (A241-830-327) from their custody.

2.      Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation and/or custody hearing.

3.      If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: May 18, 2026

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-03509-EJD

United States District Court
Eastern District of California

6